Nicholas A. Carlin, State Bar No. 112532
David M. Given, State Bar No. 142375
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA   94129
Tel: 415-398-0900
Fax: 415-398-0911
Email:  nac@phillaw.com
            dmg@phillaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PALEY,<br><br>Plaintiff,<br><br>v.<br><br>TWIST ANIMATION, LTD, a/k/a TWIST3D ANIMATION, d/b/a TUTITU TV, YOSSI DAHAN, TALMON GAMLIEL, and SARIT IDO SCHECTER,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## **INTRODUCTION**

1. This is a copyright infringement action arising from the unauthorized use by Defendants of Plaintiff's song, "Breakfast at Stubbs" (the "Song") as the theme song for their online animated children's series, TUTITU TV. Since it launched in 2010, TUTITU TV has become wildly popular.  Comprised of nearly 900 videos distributed primarily through Youtube,

1
COMPLAINT

TUTITU TV enjoys a global subscriber audience of 1,554,812 and boasts of having achieved "a staggering one billion views."

2. The success of TUTITU TV is attributable in large part to Plaintiff's Song, which is the opening and closing theme and runs throughout each video. Defendants never sought nor received Plaintiff's permission for this or any use. Since Defendants so widely used Plaintiff's copyrighted property, and continue to refuse to take responsibility for their actions, Plaintiff files this Complaint for copyright infringement.

**JURISDICTION AND VENUE**

2. This is a civil action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* in connection with Defendants' unauthorized copying and subsequent use, performance, and exploitation of protected elements of Plaintiff's copyright.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The alleged unlawful acts and violations described below were in part conceived, carried out and made effective within the Northern District of California. All of the Defendants named herein transact or have transacted business in this District.

4. This Court has personal jurisdiction over Defendants because, among other things, Defendants are engaged in tortious conduct within the State of California and in this District, including by copying, altering, publicly performing, and distributing Plaintiff's musical composition within the United States and the State of California. Plaintiff additionally avers that, among other things: (a) Defendants or their agents are doing or have been doing business continuously in the State of California and this District including but not limited to storing copies of their videos on Youtube's computers in California, (b) a substantial part of the wrongful acts committed by Defendants have occurred in interstate commerce, in the State of California, and in the Northern District of California, and (c) Defendant's conduct causes injury to, and is directed at, Plaintiff and his intellectual property, within the United States and California.

5. Defendants, through their agents, have consented to jurisdiction in this District by issuing, in response to a take-down notice issued to YouTube by Plaintiff, counter-notifications

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
(415) 398-0900

to YouTube which state: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant." Youtube is located in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) & (3) as well as pursuant to 28 U.S.C. § 1391(c).

**THE PARTIES**

7. Plaintiff ANDREW PALEY is an Emmy and Grammy Award winning musician and composer residing in Los Angeles, California. He has worked in film and television for many years, including substantial work on animated children's shows. His credits include *Dick Tracy* (1990), *Shelf Life* (1993), *Election* (1999), *The L Word* (2004), *Camp Lazlo!* (2005-2008) (for which he won an Emmy), *SpongeBob SquarePants* (2005-2012), *Funny or Die Presents . . .* (2010-2011), and *Handy Manny* (2012), among many others. He co-wrote the hugely popular song "Goodnight Olivia" from the animated children's show "*Olivia*." He has written songs for Madonna and Will Ferrell, has worked extensively and won a Grammy with Brian Wilson (of Beach Boys fame), and his songs have been covered by artists as varied as Weird Al Yankovich, John Hamm, Robert Goulet, Jerry Lee Lewis, Brenda Lee, and Ice -T.

8. Defendant TWIST ANIMATION, LTD., a/k/a TWIST3D ANIMATION, d/b/a TUTITU TV (collectively "TWIST") is, upon information and belief, a limited private Israeli company with offices in Israel and Germany, and which, at all relevant times herein, had business contacts in and was doing business throughout the State of California.

9. Defendant YOSSI DAHAN, co-founder of TWIST ANIMATION, LTD., is an individual who, upon information and belief, resides in Tel Aviv, Israel and, at all relevant times herein, was doing business throughout the United States and the State of California.

10. Defendant TALMON GAMLIEL, co-founder of TWIST ANIMATION, LTD., is an individual who, upon information and belief, resides in Tel Aviv, Israel and Traunreut, Germany and, at all relevant times herein, was doing business throughout the United States and the State of California.

11.     Defendant SARIT IDO SCHECTER, Chief Executive Officer of TUTITU TV, is an individual who, upon information and belief, resides in Tel Aviv, Israel and, at all relevant times herein, was doing business throughout the United States and the State of California.

12.     On information and belief, DAHAN, GAMLIEL and SCHECTER, as the founders and CEO respectively of TWIST, authored the infringing work, contributed to the creation of the infringing work and/or authorized the use of the infringing work in ways not yet known to Plaintiff.

13.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant named in this complaint is in some manner responsible for the wrongs and damages alleged below, and in so acting was functioning as the agent, servant, partner, alter ego and/or employee of the other Defendants, and in doing and/or not doing the actions mentioned below was acting within the course and scope of his or her or its authority as such agent, servant, partner, alter ego and/or employee with the permission and consent of the other Defendants. Further, all acts alleged herein were approved of and ratified by each and every other Defendant.

## **CLAIM FOR COPYRIGHT INFRINGEMENT**
## **(Against All Defendants)**

14.     In or about 1989, Plaintiff authored the instrumental, non-lyrical composition "BREAKFAST AT STUBBS" (the "Song"). The Song is original to Plaintiff and is copyrightable subject matter under U.S. law. Plaintiff is the sole owner and claimant of all right, title and interest in and to the Song and the copyright therein.

15.     On January 16, 1993, the Song was first published as part of the film *Shelf Life* directed by Paul Bartel and starring Jim Turner, O-Lan Jones and Andrea Stein. Plaintiff composed the score for the film, including the Song. *Shelf Life* began playing in movie theaters at least as early as January 1993.

16.     On January 21, 2015, Plaintiff filed an application for copyright registration of the Song, Case # 1-2074395889, through the Electronic Copyright Office ("eCO") website located at https://eco.copyright.gov/. A true and correct copy of the Confirmation of Receipt from the Copyright Office of such application is attached hereto as Exhibit 1.

17. On or about January 23, 2015, Plaintiff deposited copies of the Song with the Library of Congress, pursuant to its application for copyright registration filed January 21, 2015. A true and correct copy of the "Deposit Copy Shipping Slip for Deposit Copies to Accompany an Electronically Submitted Application," bearing corresponding Case # 1-2074395889, is attached hereto as Exhibit 2.

18. At no time has Plaintiff authorized Defendants, or any of them, to republish, perform, create derivative works based on or otherwise exploit all or any portion of The Song.

19. On information and belief, starting in or about July 2010, from time to time thereafter, and continuing through at least February 13, 2015, Defendants, and each of them, infringed Plaintiff's copyright by, among other things, producing, publishing and widely releasing at least 874 videos (the "Videos") on a channel located at https://www.youtube.com/user/tutitutv (the "Channel") under the name TUTITU TV which contain the Song without obtaining Plaintiff's authorization.

20. On information and belief, starting in or about July 2010, through at least April 2015, it has been Defendants' regular practice to advertise and release at least one new video on the Channel on the Friday of every week. The vast majority of such videos infringe upon Plaintiff's copyright. At least two of these infringing videos were released after Plaintiff filed his application for Copyright Registration. In addition to being made available to Youtube's more than one billion users on a weekly basis, each of TUTITU TV's 1,554,812 subscribers automatically receives the new video via delivery of same to the subscriber's Youtube homepage, and if selected by the subscriber, to the subscriber's designated email address.

21. The Song is a substantial and essential part of each Video. Defendants have publicly advertised its Videos, through the Channel, using the following description: "Original sing-along songs that will delight toddlers while teaching new vocabulary words."

22. Defendants' unauthorized use of the Song is especially egregious given the scope and manner by which such use was effected. Not only did Defendants infringe the Song in each Video, but in nearly every Video the Song is readily discernable from start to finish; that is, the duration of the infringement of Plaintiff's Work is very nearly coextensive with the length of

each Video. At the beginning of nearly every infringing Video, for example, Plaintiff's non-lyrical composition is altered to include the lyrics (in various languages) "TuTiTu, what a new surprise / TuTiTu, shapes in every size / TuTiTu, parts that run together / To a new toy and a new adventure." Following these opening lines, however, Defendant's added lyrics cease and all that remains is the Song in an instrumental, non-lyrical form. Following the opening lyrics, the Song is played on a loop for the remainder of the Video. Such 874 infringing Videos range from 12-second short trailers to hour-long specials, with the vast majority running just over 3 minutes in length.

23. Plaintiff did not discover the infringing uses of his Song in Defendant's videos until on or about November 23, 2014.

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual damages, and Defendants have earned profits. Plaintiff is entitled to recover his actual damages, and any profits earned by Defendants attributable to their infringing activities, in amounts according to proof.

25. As an alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). The foregoing acts of infringement were willful in that Defendants knew at all relevant times that they did not have permission to use the Song. Plaintiff is therefore entitled to statutory damages of up to $150,000 per infringement in an amount according to proof.

26. Plaintiff is further entitled to recover his attorneys' fees in an amount according to proof.

27. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury for which he cannot be fully compensated and that cannot be entirely measured in money. Plaintiff is entitled to an injunction prohibiting further violation of Plaintiff's exclusive ownership interest in the Song.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Plaintiff's damages and Defendants' profits in an amount to be ascertained, but at least $1 million;

2. Statutory damages against Defendants and each of them in the amount of $150,000 for each infringement;

3. An injunction enjoining Defendants from any further use of the Song;

4. Plaintiff's reasonable attorneys' fees and costs of suit;

5. Prejudgment interest on any monetary award; and

6. Such other and further relief as this Court may deem just.

Dated: April 29, 2015    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


By: ___/s/ Nicholas A. Carlin_____
    Nicholas A. Carlin
    Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 29, 2015    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


By: ___/s/ Nicholas A. Carlin_____
    Attorneys for Plaintiff