Bruce Isaacs (State Bar No. 100926)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6808
Facsimile:  (213) 633-6899
Email:  bruceisaacs@dwt.com

Deborah A. Adler, Esq. (State Bar No. 209525)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile:  (415- 27606599
Email:  deborahadler@dwt.com

Attorneys for Defendants
TWIST ANIMATION, LTD., YOSSI DAHAN, TALMON
GAMLIEL AND SARIT IDO SCHECTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W. PALEY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TWIST ANIMATION, LTD. a/k/a TWIST3D ANIMATION, D/B/A TUTITU TV. YOSSI DAHAN, TALMON GAMLIEL, and SARIT IDO SCHECTER,<br><br>                    Defendants. | ) Case No. **3:15-CV-01925**<br>)<br>)<br>) **DEFENDANTS' ANSWER TO**<br>) **PLAINTIFF'S COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants Twist Animation, Ltd., Yossi Dahan, Talmon Gamliel and Sarit Ido Schecter ("Defendants"), by their undersigned attorneys Davis Wright Tremaine LLP, as and for their Answer to Plaintiff's Complaint, admit, deny and allege as follows:

## ALLEGATIONS REGARDING INTRODUCTION

1.      Defendants admit that TuTiTu TV was launched in 2010, is very popular, is comprised of nearly 900 videos distributed primarily through YouTube, and has a global subscriber audience of over 1.5 million, with over a billion views; and otherwise deny the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants admit they never sought or received Plaintiff's permission for anything; deny that they needed Plaintiff's permission for any purpose; and otherwise deny the remaining allegations set forth in Paragraph 2 of the Complaint.

## ALLEGATIONS REGARDING JURISDICTION AND VENUE

3.      To the extent the allegations set forth in Paragraph 2 [sic] of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 2 [sic] of the Complaint.

4.      To the extent the allegations set forth in Paragraph 3 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

5.      To the extent the allegations set forth in Paragraph 4 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

6.      To the extent the allegations set forth in Paragraph 5 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

1

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Paragraph 5 of the Complaint.

2      7.     To the extent the allegations set forth in Paragraph 6 of the Complaint are deemed to

3  be allegations of law, Defendants are not required to plead thereto.  To the extent that such

4  allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

5  Paragraph 6 of the Complaint.

6                  ALLEGATIONS REGARDING THE PARTIES

7      8.     Defendants lack sufficient information and belief to answer the allegations of this

8  paragraph, and basing their denial on that ground, deny the allegations set forth in Paragraph 7 of

9  the Complaint.

10     9.     Defendants deny that Twist Animation has offices in Germany, deny that they were

11  or are doing business throughout the United States, but otherwise admit the allegations set forth in

12  Paragraph 8 of the Complaint.

13     10.    Defendants deny that they were or are doing business throughout the United States,

14  but otherwise admit the allegations set forth in Paragraph 9 of the Complaint.

15     11.    Defendants deny that they were or are doing business throughout the United States,

16  but otherwise admit the allegations set forth in Paragraph 10 of the Complaint.

17     12.    Defendants deny that they were or are doing business throughout the United States,

18  but otherwise admit the allegations set forth in Paragraph 11 of the Complaint.

19     13.    To the extent the allegations set forth in Paragraph 12 of the Complaint are deemed

20  to be allegations of law, Defendants are not required to plead thereto.  To the extent that such

21  allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

22  Paragraph 12 of the Complaint.  In particular, Defendants generally and specifically deny that any

23  of them had access to Plaintiff's Song.

24     14.    To the extent the allegations set forth in Paragraph 13 of the Complaint are deemed

25  to be allegations of law, Defendants are not required to plead thereto.  To the extent that such

26  allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

27  Paragraph 13 of the Complaint.

28

                                          2

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax  (213) 633-6899

## ALLEGATIONS REGARDING CLAIM FOR COPYRIGHT INFRINGEMENT

15.     To the extent the allegations set forth in Paragraph 14 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants lack sufficient information and belief to answer the allegations of this paragraph, and basing their denial on that ground, deny the allegations set forth in Paragraph 14 of the Complaint.  In particular, Defendants generally and specifically deny that any of them had access to Plaintiff's Song.

16.     Defendants lack sufficient information and belief to answer the allegations of this paragraph, and basing their denial on that ground, deny the allegations set forth in Paragraph 15 of the Complaint.  In particular, Defendants generally and specifically deny that any of them had access to Plaintiff's Song.

17.     Defendants refer the Court to Exhibit 1 to the Complaint for the contents thereof; and otherwise lack sufficient information and belief to answer the allegations of this paragraph, and basing their denial on that ground, deny the allegations set forth in Paragraph 16 of the Complaint.

18.     Defendants refer the Court to Exhibit 2 to the Complaint for the contents thereof, and otherwise lack sufficient information and belief to answer the allegations of this paragraph, and basing their denial on that ground, deny the allegations set forth in Paragraph 17 of the Complaint.

19.     Defendants admit they never received Plaintiff's authorization; and deny that they needed Plaintiff's authorization for any purpose.  In particular, Defendants generally and specifically deny that any of them had access to Plaintiff's Song.  Defendants generally and specifically deny that any of them copied Plaintiff's Song.

20.     To the extent the allegations set forth in Paragraph 19 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 19 of the Complaint.  Defendants deny that they started to use the TuTiTu theme song at issue in July of 2010 and allege that they started to use the TuTiTu theme song at issue in 2013.

21.     Defendants admit that they intend to release a new video on YouTube on the Friday

ANSWER TO COMPLAINT
DWT 27172166v1 0050033-000157

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of each week; Defendants admit that each TuTiTu TV subscriber automatically receives the new
video via deliver of new videos to the subscriber's YouTube homepage, and if selected by the
subscriber, to the subscriber's designated email address; and otherwise deny the allegations set
forth in Paragraph 20 of the Complaint.

22.     Defendants admit that they have described their works as "Original sing-along songs
that will delight toddlers while teaching new vocabulary words"; and otherwise deny the allegations
set forth in Paragraph 21 of the Complaint.

23.     To the extent the allegations set forth in Paragraph 22 of the Complaint are deemed
to be allegations of law, Defendants are not required to plead thereto.  To the extent that such
allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in
Paragraph 22 of the Complaint.  In particular, Defendants generally and specifically deny that any
of them had access to Plaintiff's Song.  Defendants generally and specifically deny that any of them
copied Plaintiff's Song.

24.     To the extent the allegations set forth in Paragraph 23 of the Complaint are deemed
to be allegations of law, Defendants are not required to plead thereto.  To the extent that such
allegations are deemed to be allegations of fact, Defendants lack sufficient information and belief to
answer the allegations of this paragraph, and basing their denial on that ground, deny the
allegations set forth in Paragraph 23 of the Complaint.

25.     To the extent the allegations set forth in Paragraph 24 of the Complaint are deemed
to be allegations of law, Defendants are not required to plead thereto.  To the extent that such
allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in
Paragraph 24 of the Complaint.

26.     To the extent the allegations set forth in Paragraph 25 of the Complaint are deemed
to be allegations of law, Defendants are not required to plead thereto.  To the extent that such
allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in
Paragraph 25 of the Complaint.

27.     To the extent the allegations set forth in Paragraph 26 of the Complaint are deemed

ANSWER TO COMPLAINT
DWT 27172166v1 0050033-000157

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax  (213) 633-6899

to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

28.     To the extent the allegations set forth in Paragraph 27 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

***

29.     Each and every allegation contained in the Complaint not specifically admitted herein is denied.

30.     To the extent that the headings contained in the Complaint constitute allegations, such allegations are denied.

31.     With respect to the Prayer for Relief clauses in the Complaint, Defendants deny that Plaintiff is entitled to any relief, including a judgment against Defendants, injunctive relief, actual damages, disgorgement of profits attributable to the alleged infringement, statutory damages, attorneys' fees or costs, or any other relief.

**AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses, set forth below, Defendants are not in any way acknowledging or conceding that they have the burden of proof for any issue for which applicable law places the burden on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

1.     As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff has failed to set forth sufficient facts to state a claim upon which relief can be granted.  In particular, Defendants generally and specifically deny that any of them had access to Plaintiff's Song.  Defendants generally and specifically deny that any of them copied Plaintiff's Song.

ANSWER TO COMPLAINT
DWT 27172166v1 0050033-000157

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899

## SECOND AFFIRMATIVE DEFENSE

2.    As a separate and affirmative defense to each and every claim for relief, Defendants allege that this Court does not have personal jurisdiction over them pursuant to Fed. R. Civ. P. 12(b)(2) and Ninth Circuit case law.

## THIRD AFFIRMATIVE DEFENSE

3.    As a separate and affirmative defense to each and every claim for relief, Defendants allege that this Court is an improper venue for this action pursuant to Fed. R. Civ. P. 12(b)(3) and Ninth Circuit case law.

## FOURTH AFFIRMATIVE DEFENSE

4.    As a separate and affirmative defense to each and every claim for relief, Defendants allege that the claims set forth in the Complaint are barred by virtue of the doctrine of independent creation.

## FIFTH AFFIRMATIVE DEFENSE

5.    As a separate and affirmative defense to each and every claim for relief, Defendants allege that the claims set forth in the Complaint are barred by the applicable statute of limitations, including 17 U.S.C. § 507(b).

## SIXTH AFFIRMATIVE DEFENSE

6.    As a separate and affirmative defense to each and every claim for relief, Defendants allege that the claims set forth in the Complaint are barred by virtue of the fact that there is not sufficient or actionable similarity between Plaintiff's music ("Plaintiff's Song"), on the one hand, and the music used in TuTiTu TV videos, on the other.

## SEVENTH AFFIRMATIVE DEFENSE

7.    As a separate and affirmative defense to each and every claim for relief, Defendants allege that the claims set forth in the Complaint are barred by virtue of the fact that Plaintiff's Song, or any portion thereof, that was allegedly infringed is not original, protectable expression or worthy of copyright protection. It is Defendants' position that it is Plaintiff's burden of proof to show that Plaintiff's Song that was allegedly infringed is original. To the extent the burden of proof shifts to

ANSWER TO COMPLAINT
DWT 27172166v1 0050033-000157

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899

1  Defendant, Defendant contends that neither Plaintiff's Song, nor any portion thereof, that was

2  allegedly infringed is original, protectable expression or worthy of copyright protection.

### EIGHTH AFFIRMATIVE DEFENSE

4          8.      As a separate and affirmative defense to each and every claim for relief, Defendants

5  allege that the claims set forth in the Complaint are barred by virtue of the fact that the purported

6  similarities, if any, are non-protectable expression and are unprotectable scenes-a-faire.

### NINTH AFFIRMATIVE DEFENSE

8          9.      As a separate and affirmative defense to each and every claim for relief,

9  Defendants allege that the claims set forth in the Complaint are barred by virtue of the fact that

10  certain elements of Plaintiff's Song are based upon prior art or derive from a prior common source.

### TENTH AFFIRMATIVE DEFENSE

12          10.     As a separate and affirmative defense to each and every claim for relief,

13  Defendants allege that certain or all elements of Plaintiff's Song are in the public domain.

### ELEVENTH AFFIRMATIVE DEFENSE

15          11.     As a separate and affirmative defense to each and every claim for relief, Defendants

16  allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

18          12.     As a separate and affirmative defense to each and every claim for relief, Defendants

19  allege that to grant relief to Plaintiff as he requests would unjustly enrich him.

### THIRTEENTH AFFIRMATIVE DEFENSE

21          13.     As a separate and affirmative defense to each and every claim for relief, Defendants

22  allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

24          14.     As a separate and affirmative defense to each and every claim for relief, Defendants

25  allege that Plaintiff's claims are barred by virtue of the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

27          15.     As a separate and affirmative defense to each and every claim for relief, Defendants

28  allege that Plaintiff's claims are barred by virtue of his own improper or inequitable conduct.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred by virtue of Plaintiff's unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate and affirmative defense to each and every claim for relief, Defendants allege that the claims set forth in the Complaint are barred by virtue of the fact that Plaintiff suffered no damages caused by Defendants' conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff is precluded from recovering statutory damages and/or attorneys' fees for copyright infringement by virtue of 17 U.S.C. § 412.


Defendants hereby reserve the right to assert additional affirmative defenses that become available or apparent during the pendency of this action.

WHEREFORE, Defendants  prays for judgment as follows:

1.     that Plaintiff take nothing by virtue of his Complaint;

2.     for costs of suit incurred herein;

3.     for their attorneys' fees according to proof; and

4.     for such other and further relief as the Court deems just and proper.


DATED: June 22, 2015

DAVIS WRIGHT TREMAINE LLP
Bruce Isaacs
Deborah A. Adler



By:/s/Bruce Isaacs
    Bruce Isaacs

Attorneys for Defendants
TWIST ANIMATION, LTD., YOSSI DAHAN,
TALMON GAMLIEL AND SARIT IDO
SCHECTER

8

ANSWER TO COMPLAINT
DWT 27172166v1 0050033-000157

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax  (213) 633-6899

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of the law firm of DAVIS WRIGHT TREMAINE LLP, and that on the date shown below, I caused service of true and correct copies of:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

to be completed by:

_____    personally delivering

_____    delivery via Nationwide Legal Services

_____    sending via Federal Express or other overnight delivery service

_____    depositing for mailing in the U.S. mail with sufficient postage affixed thereto

_____    delivery via email

__X__      electronic filing, and thereby delivery via e-mail to:

Nicholas A. Carlin, Esq.
David M. Given, Esq.
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA 94129
nac@phillaw.com
dmg@phillaw.co.

Dated: June 22, 2015                    /s/Lina Pearmain
                                        Lina Pearmain

ANSWER TO COMPLAINT                          9
DWT 27172166v1 0050033-000157